# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

———————

No. 24-40054

———————

Lance Turner,

*Plaintiff—Appellant*,

*versus*

Social Security Administration,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-292

———————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

The Los Angeles County Superior Court entered a child custody order requiring Lance Turner to pay child support. The State of California, Health and Human Services Agency, Department of Child Support Services sent an Income Withholding Order ("IWO") to the Social Security Administration ("SSA"). The IWO instructed SSA to garnish Turner's social security benefits for child support. SSA complied with the IWO.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40054

Turner's child and the mother of his child moved to Texas. The California child custody case was moved from Los Angeles County Superior Court to a state district court in Denton County, Texas. The Texas state court acknowledged that the case was moved in an order stating it had "jurisdiction of the case and of all parties and that no other court has continuing exclusive jurisdiction of this case." The order also established Turner and the child's mother as "joint managing conservators of the child."

Upon belief that the Texas state court order extinguished the garnishment of his social security benefits, Turner sued SSA for "excessive[ly]" garnishing his benefits in federal district court.[1] SSA filed a 12(b)(1) motion to dismiss, arguing it could not be sued because the IWO was a valid order made by an agency of competent jurisdiction to enforce an order of a court of competent jurisdiction. Thus, SSA argued dismissal was appropriate because "SSA is immune from liability with respect to making payments pursuant to legal process appearing regular on its face." The Eastern District Court granted SSA's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and denied all other motions as moot. This appeal followed.

The government in this context is immune from suit when acting under "legal process regular on its face." 42 U.S.C. § 659(f)(1). Legal process is any "order . . . or other similar process in the nature of garnishment" that is issued by "a court or an administrative agency of competent jurisdiction in any State, territory, or possession of the United States." § 659(5)(A)(i). When read in light of "on its face," the Supreme Court held, the recipient of the legal process must "act on the basis of the

---

[1] The case was first brought in the Northern District of Texas, and then transferred to the Eastern District of Texas who issued the order appealed here.

No. 24-40054

'face' of the process," in other words the agency need not engage in a more searching inquiry than what appears in the order received. *United States v. Morton*, 467 U.S. 822, 829 (1984). Here, SSA received a valid order from an agency of competent jurisdiction and acted according to the face of the order. *See* CAL. FAM. CODE § 17200. The Superior Court order was never extinguished and remains in effect. Indeed, SSA never received "[a]n order of a court of competent jurisdiction enjoining or suspending" the Superior Court order at issue. 5 CFR § 581.305(a). Appointment of Turner and the child's mother as joint conservators does not extinguish past, otherwise valid, orders to pay child support from courts or administrative agencies. *See, e.g.*, TEX. FAM. CODE ANN. § 153.138 ("The appointment of joint managing conservators does not impair or limit the authority of the court to order a joint managing conservator to pay child support to another joint managing conservator.").

WE AFFIRM.